## Rudy's Estate.

*Decedents' estates—Trusts and trustees—Right to consume—Discretion of trustee.*

Where a testamentary trust is created, directing that "the interest thereof, together with part of the principal if required" shall be paid for the care and maintenance of the cestui que trust, the use of the fund is largely a matter of the sound discretion of the trustee, and no presumption of fraud arises from the mere fact that there has been a diminution of the principal.

Argued Nov. 11, 1918. Appeal, No. 20, Oct. T., 1918, by Amos G. Rudy, Administrator of the Estate of Fianna E. Rudy, Amos G. Rudy, Phares Rudy, Lizzie Landis, Henry L. Rudy, Kate Zwally, Benj. L. Rudy, Jerome Brubaker and Myer Weaver, residuary legatees under the will of John Rudy, Sr., deceased, from the decree of O. C. Lancaster Co., March T., 1904, No. 7, dismissing excep-

448, (1919).] Statement of Facts—Opinion of the Court.

tions to adjudication in account of Farmer's Trust Company, Trustee in the Estate of John Rudy, Sr., deceased. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.
The opinion of the Superior Court states the case.

*Error assigned,* among others, was the decree of the court dismissing exceptions.

*John A. Coyle,* of *Coyle & Keller,* for appellant, cited: Stewart's App., 110 Pa. 410; Siebert v. Steinmyer, 204 Pa. 419; Johnston's Est., 9 W. S. 107; Chambersburg Saving Fund Association's App., 76 Pa. 203; Kauffeld's Est., 28 Pa. Superior Ct. 162.

*Charles G. Baker,* and with him *J. W. Brown* and *Charles F. Hager,* for appellee, cited: Bailey's Est., 208 Pa. 594; Eyster's App., 16 Pa. 374; Johnston's App., 12 S. & R. 317; Bradley's App., 89 Pa. 514; Naglee's Est., 52 Pa. 154; Pulpress et al. v. African M. E. Church, 48 Pa. 204; Williams' Appeal, 73 Pa. 249; Young's Est., 204 Pa. 32; Morgan's Est., 207 Pa. 519; Reinoehl's Est., 212 Pa. 359; Stewart's Est., 29 Pa. Superior Ct. 260; Barnes's Est., 221 Pa. 399.

OPINION BY HENDERSON, J., April 21, 1919:
John Rudy died in 1875 leaving a will in which he gave to his son, Benjamin Rudy, a fund in trust to be invested for the use of testator's granddaughter, Fianna Rudy, "For and during such time as she is incapable of managing her affairs, and the interest thereof together with a part of the principal if required he shall annually pay towards the support and maintenance of said Fianna Rudy." After the death of Benjamin Rudy his executors filed an account of the trust, from which it appeared that the fund held by the trustee was $3,136.41,

together with $193.40 of accrued interest.   Chas. H. Locher was appointed trustee of Fianna Rudy by the Orphans' Court of Lancaster County on the 21st of April, 1896, to succeed Benjamin L. Rudy, deceased. He gave a bond as trustee with Robert E. Locher and Michael Reilly as sureties, and received from the estate of the preceding trustee $3,330.40.   Chas. H. Locher died in October, 1904, and the Farmers Trust Co. was appointed his successor, March 6, 1905.   At the time of his death he had a credit in the City Savings Fund & Trust Co. of $2,437.65 as trustee of Fianna Rudy.   This institution was insolvent, as was also the estate of Chas. H. Locher and of Robert E. Locher, one of his sureties. Dividends were received from these insolvent estates amounting to $2,233.30.   Upon the adjudication of the account of the Farmers Trust Co. the accountant was surcharged $206.35.   The appellants are residuary legatees under the will of John Rudy.   Their contention is that the accountant should be surcharged the difference between the amount received by Chas. H. Locher from the estate of Benjamin Rudy and the amount of the fund on deposit in the City Savings Fund & Trust Co. to his credit as trustee.

The learned judge of the Orphans' Court found from the testimony and surrounding circumstances that the balance of the fund had been expended for the support of Fianna Rudy.   Locher was trustee for eight years and a half.   The evidence shows that money was expended on behalf of the cestui que trust by him, and as the principal fund only produced $150 per year, as found by the court, the additional outlay would amount to about $84 per year.   Under the authority creating the trust discretion was vested in the trustee to use part of the principal for the support and maintenance of the beneficiary.   The use of the fund was therefore largely a matter of sound judgment on the part of the trustee, and no presumption of fraud arises from the mere fact that there had been a diminution of the principal.   It is read-

ily seen that the outlay of a little more than $230 a year in the maintenance of a feeble-minded person is not evidence of an abuse of power created by the will. The evidence shows that the residuary legatees most nearly related to the testator and familiar with the condition of the cestui que trust were satisfied that the amount on deposit in the bank was all that remained of the trust fund. There is evidence supporting the conclusion of the learned judge of the Orphans' Court that there was neither fraud nor abuse of discretion practiced by Locher. We are not convinced that the court was in error in reaching this conclusion, nor that the findings of fact are unsupported by evidence. We are of the opinion therefore that the decree of the court should not be disturbed.

The decree is affirmed.